UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                                   Case No. 13-58587

MADISON HEIGHTS GROUP, LLC,                   Chapter 11

           Debtor.                                        Judge Thomas J. Tucker
_____/

**OPINION REGARDING
CREDITOR'S MOTION TO DISMISS CASE**

The Debtor in this case filed its voluntary Chapter 11 petition on October 8, 2013. The Debtor is owned and managed by the same persons who own and manage four other entities that also filed voluntary Chapter 11 bankruptcy petitions on October 8, 2013. The Debtors in the five Chapter 11 cases have filed motions for joint administration, but the cases are not yet being jointly administered.[1]

On October 11, 2013, the Debtor's primary secured creditor, CB 2011 Ohio and Michigan Retail, LLC ("CB 2011") filed a motion to dismiss this case (Docket # 12, the "Motion to Dismiss"), which Debtor opposes. On October 17, 2013, Debtor filed a First Day Motion seeking authority to use cash collateral (Docket # 25, the "Cash Collateral Motion"), which CB 2011 opposes. The Court held a hearing on the Cash Collateral Motion, and on the motion to dismiss, on October 23, 2013. Today, the Court has entered an order denying the Cash Collateral Motion, for the reasons stated in the Court's written opinion, also filed today.

For the reasons stated in this opinion, the Court will grant CB 2011's motion to dismiss.

In denying Debtor's Cash Collateral Motion, the Court has ruled that Debtor cannot use

---

[1] The Debtors and case numbers in the five cases are: Madison Heights Group, LLC, Case No. 13-58587; H & H Realty, LLC, Case No. 13-58588; H & H Royal Oak, LLC, Case No. 13-58589; Monroe Factory Shops, LLC, Case No. 13-58590; and Port Huron Factory Shops, LLC, Case No. 13-58594.

its only source of income — *i.e.*, rents from its tenants — and that such rental income is not property of the bankruptcy estate, unless and until Debtor pays the debt to CB 2011 in full, or redeems the CB 2011 mortgage after a foreclosure sale. The Court held as follows:

> [T]he Court concludes that there is no cash collateral that the Debtor can use in this case. The rental income from the Debtor's tenants, and the right to receive that income, belongs entirely to CB 2011, unless and until the Debtor fully pays its debt to CB 2011, or redeems the CB 2011 mortgage after a foreclosure sale.[2]

Because of this ruling, there are only two possible types of Chapter 11 plans that the Debtor could even hope to confirm in this case, absent the consent of CB 2011 (and CB 2011 will not consent to any Chapter 11 plan filed by the Debtor). The first is a plan under which the Debtor obtains financing from another source that will enable Debtor to pay CB 2011's debt in full, including interest. The second is a plan under which the Debtor sells the real estate in which CB 2011 has a mortgage, under a sale in which CB 2011 may credit bid up to its entire debt amount, including interest. *See* 11 U.S.C. §§ 1129(b)(2)(A)(ii); 363(k); *see generally Radlax Gateway Hotel, LLC v. Amalgamated Bank*, 132 S.Ct. 2065 (2012).[3]

The Debtor has no hope of succeeding in the first of these alternatives. This is because it is undisputed that Debtor's debt to CB 2011 substantially exceeds the value of the Debtor's property,[4] so no lender would lend Debtor anything remotely close to enough to pay off the CB

---

[2] Opinion Regarding Debtor's Motion for Use of Cash Collateral, filed October 29, 2013, at 7.

[3] Conceivably, Debtor also could seek to accomplish such a refinancing or sale by motion under 11 U.S.C. §§ 364 or 363, without confirming a Chapter 11 plan. But the same flaws exist with these alternatives as are discussed in the text, above.

[4] *See* Debtor's Schedules A, B, and D, filed October 15, 2013 (Docket # 20). The same is true of each of the Debtors in the four other cases listed in footnote 1 of this opinion, as shown by the Schedules A, B, and D filed on October 15, 2013 in each of the other cases.

2

2011 debt in full.

As to the second alternative, this is simply the practical equivalent of a foreclosure sale of Debtor's real estate under Michigan law, which can be accomplished more quickly and cheaply outside of bankruptcy. Allowing the Debtor to pursue this alternative in its bankruptcy case would simply cause undue and prejudicial delay for CB 2011, and potentially cause CB 2011 substantial and unnecessary attorney fees. It would serve no legitimate bankruptcy-related purpose.

For these reasons, the Court finds that there is cause to dismiss or convert this case, under 11 U.S.C. § 1112(b)(1), and that dismissal, rather than conversion to Chapter 7, is in the best interests of the creditors and the estate. The Court also finds that with the dismissal of this case, a 180-day bar to refiling is necessary and appropriate under the first sentence of 11 U.S.C. § 105(a), and also is necessary and appropriate in order to prevent an abuse of process, which would occur if a new bankruptcy case were filed by or against this Debtor within the bar period.

For these reasons, the Court will grant CB 2011's motion to dismiss, with a 180-day refiling bar. The Court will enter a separate order.

**Signed on October 29, 2013**            /s/ Thomas J. Tucker
                                          **Thomas J. Tucker**
                                          **United States Bankruptcy Judge**